## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL R. HAMLIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 12-cv-82-JAW |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION ON CERTAIN DEFENDANTS' MOTION TO DISMISS

Defendants the United States of America, the Federal Bureau of Prisons, the Northeast Regional Office of the Bureau of Prisons, the Metropolitan Detention Center, and the United States Marshals Service (the "moving defendants"),[1] move to dismiss the complaint as against them, or, in the alternative, to strike Counts VIII and IX of the complaint. Motion at 1. Since the motion was filed, the United States has been substituted for the Bureau of Prisons in Counts VIII and IX and for the Northeast Regional Office of the Bureau of Prisons in Count X. ECF No. 20. I recommend that the court grant the motion to dismiss.

### I. Applicable Legal Standard

The motion invokes Fed. R. Civ. P 12(b)(6). Motion at 1. The Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

---

[1] The moving defendants call themselves "the Federal Defendants," Federal Defendants' Motion to Dismiss, or, in the Alternative, to Strike ("Motion") (ECF No. 18) at 1. This designation is confusing, because there are other named defendants who are individuals employed by the federal government. I, therefore, use the term "moving defendants" in the interest of clarity.

1

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted). This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Román-Oliveras v. Puerto Rico Elec. Power Auth*., 655 F.3d 43, 45 (1st Cir. 2011). Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citation and internal quotation marks omitted).

## II.  Factual Background

The complaint alleges the following relevant facts.

The plaintiff contends that he was wrongfully imprisoned from June 3, 2009, to January 14, 2010, in state and federal prisons. Complaint (ECF No. 1) ¶ 1. He was sentenced on January 3, 1997, to serve a 190-month sentence in federal prison. *Id*. ¶ 21. He was sent to Pharos House in Portland, Maine to complete the last six months of his sentence. *Id*. He went to Pharos House with a projected release date of June 3, 2010. *Id.*

On April 2, 2010, the South Portland police arrested the plaintiff on a charge of theft by deception, and removed him from Pharos House. *Id*. ¶ 22.  On April 5, 2010, the United States Marshals Service lodged a federal detainer against him, preventing him from being released from jail. *Id*.  On April 14, 2010, the plaintiff was found guilty of "technical escape" by the chair of the Bureau of Prisons, M. Renda, who took 21 days of the plaintiff's good time credits. *Id*. ¶ 23. The plaintiff's new release date should have been April 24, 2010, but he was not released until January 14, 2010. *Id*.

On August 9, 2009, the plaintiff was "fully exonerated" from the theft by deception charge. *Id*. ¶ 24.  Because of the detainer, he was not released that day, although the law required it. *Id*. ¶ 25.

The plaintiff contends that the detainer "falsely stated" that on April 2, 2009, the plaintiff failed to return to Pharos House when he had in fact been placed in the Cumberland County Jail by the police. *Id*. ¶¶ 29-30.  Neither the Pharos House nor the Bureau of Prisons provided the plaintiff with a hearing on the "charge of Technical Escape." *Id*. ¶ 31.  An official of the Bureau of Prisons granted permission for the plaintiff to be removed from Pharos House, "making it impossible for a so-called 'Technical Escape' charge." *Id*. ¶ 33.

By April 5, 2009, when the detainer was lodged, the Bureau of Prisons had already determined that the plaintiff's "Technical Escape" "had been resolved," that he was in custody at the Cumberland County Jail, and that his remaining federal sentence would terminate on June 3, 2009. *Id*. ¶ 34.  Accordingly, there was "no federal purpose for the detainer" after June 3, 2009. *Id*.

The detainer was lodged using the wrong form, resulting in a failure to inform the plaintiff of his right to a timely hearing. *Id*. ¶ 36.  The plaintiff was never informed of the

detainer that had been lodged against him, and the required certification that the notice had been provided was never received by the United States Marshals Service. *Id*. ¶ 37. The detainer was not accompanied by the required form UMS-41, which creates the legal basis for detention of a prisoner by the United States Marshals Service. *Id*. ¶ 38. The United States Marshals Service "violated [its] duty to notify" the assistant United States attorney assigned to the case of the place of the plaintiff's confinement and the date the detainer was filed. *Id*. ¶ 39.

After the Bureau of Prisons "convicted" the plaintiff of technical escape in April 2010 and took away 21 days of the plaintiff's good time credits, the plaintiff should have been freed from the detainer. *Id*. ¶ 41. However, the detainer was not lifted until November 2010. *Id*. ¶ 42.

On August 9, 2010, Cumberland County Jail officers informed the plaintiff that the detainer had been lifted and that he was free to go once bail on the new charge was posted. *Id*. ¶ 46. However, on August 10, 2010, a new detainer was lodged by M. Renda against the plaintiff, who was not informed of this fact. *Id*. ¶ 46-47. On that date, U. S. Marshal Noel C. March wrongfully issued a form to the Cumberland County Jail, requesting that the plaintiff be placed on a transit hold "pending federal designation." *Id*. ¶ 48. The plaintiff's federal designation had already been determined, however, by the exhaustion of the escape charge. *Id*.

On August 9, 2010, the Bureau of Prisons and/or its Northeast Regional Office faxed a notice to defendant March that stated: "This inmate[']s sentence was/is complete on 8/9/10. Please execute his warrant[.]" *Id*. ¶ 51. The plaintiff was not immediately released, as he should have been. *Id*. In August 2010, the plaintiff wrote a letter to the Bureau of Prisons community corrections manager, asking for the reason for his continued detention and information on when he would be released. *Id*. ¶ 53. He never received a response. *Id*.

The plaintiff was released from MDC Brooklyn "[a]fter 165 days of unwarranted incarceration." *Id*. ¶ 55.

### III.  Discussion

#### A.  Counts I and III

Count I alleges that the Bureau of Prisons, along with others who are not parties to this motion, violated the plaintiff's Fifth and Eighth Amendment rights by intentional acts and omissions, including issuing an inaccurate Notice of Escape that contained false statements about the plaintiff, issuing an illegal detainer, violating its reporting and notice duties, and illegally detaining him from April 3, 2010, until January 14, 2011.  *Id*. ¶¶ 58-60.  Count III alleges that the Bureau of Prisons, along with others who are not parties to this motion, subjected the plaintiff to an unreasonable search and seizure pursuant to a facially invalid warrant on April 2, 2010, in violation of his rights under the Fourth Amendment, by, *inter alia*, issuing the inaccurate Notice of Escape.  *Id*. ¶¶ 75-76.

The moving defendant, the Bureau of Prisons, contends that these counts allege constitutional tort claims, which may not be asserted against the United States or its component federal agencies.  Motion at 3, 4-10.  It correctly cites case law in support of this argument.  *See FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994); *Ruiz Rivera v. Riley*, 209 F.3d 24, 28 (1st Cir. 2000).  The plaintiff's response to this argument cites case law and raises arguments only with reference to the individual defendants, Opposition to Motion to Dismiss and Strike ("Opposition") (ECF No. 23) at [4]-[5], who are not parties to this motion.

The Bureau of Prisons is entitled to dismissal of Counts I and III insofar as they are asserted against it.

5

### B.  Counts VI - X

Counts VI through X of the complaint are brought under the Federal Tort Claims Act, 28 U.S.C. § 2679 *et seq*.  Complaint at [17]-[22].  Counts VI and VII are brought against the United States, Counts VIII and IX are brought against the Bureau of Prisons (now the United States) and other defendants who are not parties to the instant motion, and Count X is brought against the Northeast Regional Office of the Bureau of Prisons (now also the United States) and other defendants who are not parties to the instant motion.  Counts VI and VIII allege false imprisonment.  *Id*. ¶¶ 90-105, 120-122.  Counts VII and IX allege negligence.  *Id*. ¶¶ 106-119, 123-27.[2]  Count X alleges negligence, false imprisonment and vicarious liability.  *Id.* ¶¶ 128-132.

The moving defendant, the United States, contends, again quite correctly, that a plaintiff raising constitutional claims and claims brought under the Federal Tort Claims Act based upon allegations arising out of conviction or incarceration must allege that the alleged excessive detention or wrongful conviction has been reversed on appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994) (constitutional claims); *Figueroa v. Rivera*, 147 F.3d 77, 80-81 (1st Cir. 1998) (same); *see also Erlin v. United States*, 364 F.3d 1127, 1131-32 (9th Cir. 2004) (claims under the Federal Tort Claims Act).  The complaint in this case makes no such allegations, and the plaintiff has not sought leave to amend the complaint in order to make such allegations, even after this motion made that deficiency apparent to him.

The plaintiff's opposition to this portion of the moving defendant's motion again reads like an argument against dismissal of his claims against the individual defendants, who are not

---

[2] Now that the United States' motion to substitute itself for the Bureau of Prisons in Counts VIII and IX has been granted, those counts are redundant as to the United States.

parties to this motion.  Opposition at [6].  He cites *Berry v. Baca*, 379 F.3d 764 (9th Cir. 2004), without a pinpoint citation, for the proposition that "[v]irtually every circuit has recognized a constitutional violation for overdetention[,]" *id.*, but that case was brought only against a county sheriff, in his official capacity, 379 F.3d at 766, on a theory of establishment of a policy of deliberate inaction, *id.* at 767, and thus is easily distinguishable from claims brought against the United States.[3]

The United States is entitled to dismissal of Counts VI-X insofar as those counts are asserted against it.

### C.  Counts XI and XII

Count XI is brought under 42 U.S.C. § 1983 and alleges that all of the named defendants have violated the plaintiff's right to due process of law and other unspecified rights under the Fourth, Fifth, and Eighth Amendments to the Constitution.  Complaint ¶¶ 133-38.  Count XII alleges that all defendants are liable for failure to train and properly supervise employees of the Bureau of Prisons and a custom and policy of deliberate indifference to this failure.  *Id.* ¶¶ 139-44.

The moving defendants first point out that such claims may only be brought against persons alleged to have acted under color of state law, Motion at 10-11, while the complaint alleges only that all of the defendants acted "under color of federal law."  Complaint ¶ 137.  The plaintiff responds that this is a "simple mistake of fact, and error in typing up the Complaint."  Opposition at [7].  He asks "for the opportunity to amend his complaint prior to the court ruling on Defendants['] number IV motion to Dismiss[.]"  *Id.*  The appropriate procedure under such

---

[3] This section of the plaintiff's brief is entitled, in part, "The individual federal defendants are not protected by qualified immunity for their violations of Mr. Hamlin's Consti[t]utional Rights."  Opposition at [6].  Neither the individual defendants nor the concept of qualified immunity is mentioned in this section of the motion before the court.

circumstances would be for the plaintiff to file a motion for leave to amend his complaint, along with the proposed amended complaint, neither of which the plaintiff has done.

This procedural misstep need not concern the court long, however, because the plaintiff has not responded at all to the moving defendants' argument that Counts XI and XII "are, in form and in substance, claims for overdetention[,]" which must therefore meet the requirements of *Heck*. Motion at 11. Although I need not consider this argument in order to recommend dismissal of these counts, given the plaintiff's failure to respond, *see, e.g., United States v. Genentech, Inc.*, No. 05-147-P-C, 2006 WL 3741920, at *13 (D. Me. Dec. 14, 2006); Local Rule 7(b), I agree with the moving defendants. *See generally Chasse v. Merrill*, No. Civ. 04-56-B-W, 2004 WL 2185898 (D. Me. Sept. 24, 2004).

The moving defendants are entitled to dismissal of Counts XI and XII.

### IV.  Conclusion

For the foregoing reasons, I recommend that the motion of defendants the United States of America, the Bureau of Prisons, the Northeast Regional Office of the Bureau of Prisons, the Metropolitan Detention Center, and the United States Marshals Service, to dismiss all claims asserted against them in this action be **GRANTED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of January, 2013.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge