UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL R. HAMLIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:12-cv-82-JAW |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION ON MOTION TO DISMISS OF DEFENDANTS CLARK, HOLDER, MARCH, AND RENDA

Defendants John F. Clark, Eric Holder, Noel C. March, and Marc Renda move to dismiss the complaint against them for failure of service of process under Federal Rule of Civil Procedure 12(b)(5). I recommend that the court grant the motion.

### I. Applicable Legal Standard

Rule 12(b)(5) allows dismissal of an action for insufficient service of process. The burden of proof to show proper service of process is on the plaintiff. *Saez Rivera v. Nissan Mfg. Co.*, 788 F.2d 819, 821 n.2 (1st Cir. 1986). Federal Rule of Civil Procedure 4 governs service. An individual defendant may be served by following state law for service of a complaint and summons, by delivering a copy of the summons and complaint to the individual personally, by leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or by delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e).

1

## II.  Discussion

The proof of service filed with the court by the plaintiff for Noel C. March states that summons was served on "Sean Willits, who is designated by law to accept service of process on behalf of . . . Cheif[sic] Dep. Marshal[,] 156 Federal St.[,] Portland on 8-7-12[.]"  ECF No. 13.  The proof of service that indicates it was intended for "M. Renda" states that the summons was served on "Robert A. Jensen, who is designated by law to accept service of process on behalf of . . . Northeast Regional Office Federal Prisons on . . . 8/9/12[.]"  ECF No. 14.  The proof of service on John F. Clark states that it was served on Suzanne Agee "as Attorney & Authorized Agent at 1750 Crystal Dr., Arlington, VA 22202 of the government agency[.]"  ECF No. 11-1.  The proof of service on Eric Holder states that it was served on "Steffon Edmonds as Mail Clerk & Authorized Agent at 950 Pennsylvania Ave., NW, Washington DC 20530 of the government agency[.]"  ECF No. 11.

None of these returns demonstrates service on the individual defendant personally nor by leaving copies of the summons and complaint at any individual defendant's dwelling or usual place of abode.  The return for the supposed service on Renda does not even purport to record a service on him or on anyone putatively authorized or designated to accept service for him.  This alone makes the Renda service insufficient.

Similarly, the return of service on March does not purport to record service on an individual authorized or designated to accept service on his behalf.  March is the United States Marshal for the District of Maine; he is not a chief deputy marshal.  This service was also insufficient.  *See generally Carta v. Town of Fairfield*, 959 F.2d 230 (table), 1992 WL 69332, at *2, *4 (1st Cir. Apr. 8, 1992).

In the absence of any evidence that Suzanne Agee was authorized to accept service on behalf of John F. Clark individually, which the plaintiff had the opportunity to provide with his opposition to this motion, that purported service is also insufficient. The same is true of the purported service on Eric Holder. *Yankee Exports, Inc. v. Ray*, Nos. 99-29-P-H, 99-35-P-H, 1999 WL 33117119, at *6 (D. Me. June 12, 1999).

The plaintiff makes no attempt to show that this service complied with the applicable requirements of Maine, Pennsylvania, Virginia, or the District of Columbia, to meet the alternative requirement of Rule 4(e). He relies entirely on "the affidavits presented to the Court which were completed by the process servers at the time they completed service." Plaintiff's Response to Motion to Dismiss of Defendants Clark, Holder, March and Renda for Failure of Service of Process ("Opposition") (ECF No. 43) at 1-2. On the showing made, therefore, the moving defendants are entitled to dismissal of any claims asserted against them in their individual capacities.

The plaintiff contends that his claims under 42 U.S.C. § 1983 against these defendants must not be dismissed because "these claims can proceed against the Defendants in their official capacities." *Id*. at 2. In this circuit, "to serve the defendants in either an individual *or* official capacity, [the plaintiff] had to comply with Fed. R. Civ. P. 4(e) providing for service of process on individuals." *Caisse v. Dubois*, 346 F.3d 213, 216 (1st Cir. 2003) (emphasis in original). Accordingly, this argument fails as well.

### III. Conclusion

For the foregoing reasons, I recommend that the motion of the individual defendants to dismiss the claims against them due to insufficient service of process be **GRANTED**.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 15th day of March, 2013.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge