UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL R. HAMLIN,            )<br>                                              )<br>           Plaintiff               )<br>                                              )<br>v.                                          )            No. 2:12-cv-82-JAW<br>                                              )<br>UNITED STATES OF AMERICA, et al.,  )<br>                                              )<br>           Defendants           )  | |

**ORDER ON MOTIONS FOR ENLARGEMENT OF TIME**

On March 17, 2015, almost two years after the court dismissed his claims against the defendants and closed this case, *see* ECF Nos. 47-49, the plaintiff, now proceeding *pro se*, filed a motion to enlarge time, *see* ECF No. 50. He filed a second, substantively identical motion on April 8, 2015. *See* ECF No. 56. The defendants filed an opposition to the original motion, *see* ECF No. 55, as well as an opposition to the second motion incorporating their original opposition, *see* ECF No. 61. The motions are ***DENIED***.

As the defendants point out, *see* ECF No. 55 at 2, the plaintiff appears to take the position that he had until April 5, 2015, two years from the date of the entry of judgment in this case, to file a new lawsuit against them, but that he cannot do so until "the Governmental defendants" answer a notice of claim that he filed against them on December 30, 2014, *see* ECF Nos. 50, 56.[1] He asserts that their answers were not due until June 30, 2015, and, therefore, seeks a 90-day extension from that date to file his contemplated new complaint. *See id*.

As the defendants argue, *see* ECF No. 55 at 2-3, the plaintiff seeks relief that he appears not to need.

---

[1] The plaintiff stated that he had given notice on "December 30, 201**5**." ECF No. 50 at 1; ECF No. 56 at 1. As the defendants point out, *see* ECF No. 55 at 2 n.5, this is obviously a typographical error.

1

Counsel for the defendants represents that he has been unable to locate any representatives of the defendants who are aware of a notice of claim filed by the plaintiff.  *See* ECF No. 55 at 2.  However, he surmises that the notice of claim to which the plaintiff refers is a Standard Form 95, Claim for Damage, Injury, or Death, which is filed with respect to claim pursuant to the Federal Tort Claims Act ("FTCA")*,* 28 U.S.C. § 2671 *et seq*.  *See id*. at 2-3.  Pursuant to 28 U.S.C. § 2401(b), a tort claim against the United States is barred unless the claimant presents it in writing to the appropriate agency within two years after the claim accrues or "unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).

Assuming, without deciding, that the plaintiff timely filed a notice of claim with the appropriate agency (as he asserts he did), he must file a complaint in court within six months of the date of mailing of the *agency's* final denial of his claim, *not* within six months of *his filing* with the agency of a notice of claim.  If, as he alleges, the agency's answer was not due until June 30, 2015, he requires no enlargement of time.[2]

<u>SO ORDERED</u>.

Dated this 22nd day of July, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[2] I do not reach the defendants' alternative basis for the denial of the motions: that the plaintiff failed to exhaust his administrative remedies, depriving this court of jurisdiction over any FTCA claims.  *See* ECF No. 55 at 3-5.  To their credit, the defendants disclosed that, while the First Circuit had held the FTCA's timeliness requirements jurisdictional, that issue was pending before the Supreme Court.  *See id*. at 3 n.8.  The Supreme Court subsequently ruled that "the FTCA's time bars are nonjurisdictional and subject to equitable tolling."  *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015).